# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kathleen Gonzales-Byrd

**DEFENDANTS**
MedReview, Inc.

**(b)** County of Residence of First Listed Plaintiff: Chester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: New York, NY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq.; 43 P.S. §951, et seq.
Brief description of cause:
Plaintiff was discriminated against because of her sex.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ in excess of $75,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/05/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Caren Gurmankin

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Downington, PA 19335_

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? — Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? — Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? — Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? — Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? — Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / [X] **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
[X] 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **see certification below**
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / [X] **does not** have implications beyond the parties before the court and ☐ **does** / [X] **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X]  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Kathleen Gonzales-Byrd | : | CIVIL ACTION |
| v. | : | |
| MedReview Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 12/05/2025 | _[signature]_ | Plaintiff, Kathleen Gonzales-Byrd |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN GONZALES-BYRD<br>Downingtown, PA 19335<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MEDREVIEW, INC.<br>1 Seaport Plaza<br>199 Water Street, 27th Floor<br>New York, NY 10038:<br><br>　　　　　　　Defendant. | CIVIL ACTION NO.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**I.     INTRODUCTION**

Plaintiff, Kathleen Gonzales-Byrd, brings this action against her former employer, MedReview, Inc. ("Defendant").

Defendant's sex discriminatory conduct towards Plaintiff was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the New York State Human Right Law, N.Y. Exec. Law § 290 *et seq*. ("NYSHRL").

**II.     PARTIES**

1.     Plaintiff, Kathleen Gonzales-Byrd, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.     Plaintiff is female.

3.     Defendant, MedReview, Inc., is incorporated in New York, and has a

principal place of business at 1 Seaport Plaza, 199 Water Street, 27th Floor, New York, NY 10038.

4. At all times material hereto, Defendant employed more than fifteen (15) employees.

5. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6. At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

7. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter

### III. JURISDICTION AND VENUE

8. The causes of action which form the basis of this matter arise under Title VII, the FMLA, the PHRA, and the NYSHRL.

9. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

10. The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania, and Defendant is not a not citizen of the Commonwealth of Pennsylvania.

11. The District Court has supplemental jurisdiction over Count II (PHRA) and Count III (NYSHRL) pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000(e)-5(f).

13. On or about September 30, 2024, Plaintiff filed a Charge of Discrimination with the EEOC, complaining of acts of discrimination alleged herein. This Complaint was cross-filed with the Pennsylvania Human Relations Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

14. On or about September 8, 2025, the EEOC issued to Plaintiff a Notice of Right to Sue for her Complaint of Discrimination. Attached hereto, incorporated herein, and marked as Exhibit "2" is a true and correct copy of the Notice of Right to Sue (with personal identifying information redacted).

15. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.    **FACTUAL ALLEGATIONS**

16. Plaintiff began working at Defendant on or about February 25, 2019 as Director, Account Management.

17. In or around mid-2021, Defendant promoted Plaintiff into the position of Chief of Staff.

18. In around mid-2023, Defendant promoted Plaintiff into the position of Chief Strategy Officer.

19. Plaintiff reported to Spencer Young (male), Chief Executive Officer.

20. At all times material hereto, Plaintiff consistently demonstrated excellent

3

performance throughout her employment with Defendant.  By way of example only, Defendant never issued Plaintiff any progressive discipline.

21. Defendant's demographics evidenced a bias against females.  By way of example only, during Plaintiff's employment, she was either the only woman or one of only two women on Defendant's Executive Team.

22. According to the information on Defendant's website, there is currently only one woman on the Executive Team.

23. The single woman who is currently on Defendant's Executive Team is the only member of the Executive Team who does not hold a Senior Vice President or Officer title.

24. Defendant's conduct, including that which is set forth herein, evidenced a bias against females.

25. Young said that, when he had to deal with difficult people, he would just "grab 'em by the pussy".

26. Plaintiff said in a meeting that, generally leadership positions at companies were heavily skewed in favor of white men.

27. When Plaintiff made her comment about leadership positions at companies being heavily skewed in favor of white men, Himanshu Shah (male), Chief Financial Officer, was dismissive of her and her comments about the same.

28. Shah ignored Plaintiff's requests for information that she needed to do her job.

29. Shah excluded Plaintiff from a project on which she was working and for which she had responsibility.

30. Ted Pitynski (male), Chief Commercial Officer, asked Plaintiff's husband, who was with her at a work event, whether he "let" Plaintiff buy a particular item that she said that she had purchased and which they were discussing.

31. Plaintiff was not invited to attend board meetings, despite Young's promise that she would be invited.

32. To Plaintiff's information and belief, male colleagues on the Executive Team were invited to attend board meetings.

33. To Plaintiff's information and belief, a male employee who was hired into the position of Vice President was given a raise just a few months after he started that placed him at a higher salary level than Plaintiff.

34. Defendant increased Plaintiff's salary in around the end of 2023. Defendant increased Plaintiff's salary at the end of 2023 only after she requested the same.

35. Defendant did not increase Plaintiff's salary when she was promoted to Chief of Staff and Chief Strategy despite her increased and expanded responsibilities.

36. When Plaintiff was placed into the position of Chief Strategy Officer, in around mid-2023, Young removed from her a portion of her responsibilities regarding data mining that she had developed and assigned them to a male employee, Kevin McDonald (male), Chief Operating Officer ("COO").

37. No one at Defendant discussed the COO position before Defendant hired McDonald to fill the position in around mid-2023.

38. To Plaintiff's information and belief, Defendant did not post the position into which McDonald was hired.

39. Plaintiff was qualified for the COO position into which McDonald was hired.

40. On or about August 9, 2024, Young told Plaintiff that Defendant was doing a reorganization and that, as a result of the same, her position was no longer needed and her employment was terminated effective immediately.

41. To Plaintiff's information and belief, positions were open at around the time of her termination, including that of Senior Director of Data Mining and Vice President, Operations.

42. No one at Defendant talked to Plaintiff about the positions of Senior Director of Data Mining and Vice President, Operations, or any other positions, including whether or not she was considered for the same.

43. To Plaintiff's information and belief, Defendant hired males to fill the positions of Senior Director of Data Mining and Vice President, Operations.

44. Defendant did not provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

45. Defendant did not provide a legitimate, non-discriminatory reason for failing to select Plaintiff for any open position(s).

46. Plaintiff's sex, was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including terminating her employment and failing to select her for open positions, including that of COO, Senior Director of Data Mining, and Vice President, Operations.

47. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a

loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

48. Defendant acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

49. Plaintiff's sex was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including terminating her employment.

50. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

51. Defendant acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

## **COUNT I - Title VII**

52. Plaintiff incorporates herein by reference paragraphs 1 through 51 above, as if set forth herein in their entirety.

53. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

54. Said violations were done with malice and/or reckless indifference.

55. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

56. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

57. No previous application has been made for the relief requested herein.

## COUNT II – PHRA

58. Plaintiff incorporates herein by reference paragraphs 1 through 57 above, as if set forth herein in their entirety.

59. Defendant, by the above improper and discriminatory acts, have violated the PHRA.

60. Said violations were intentional and willful.

61. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

62. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

63. No previous application has been made for the relief requested herein.

## COUNT III – NYSHRL

64. Plaintiff incorporates herein by reference paragraphs 1 through 63 above, as if set forth herein in their entirety.

65. Defendant, by the above improper and discriminatory acts, has violated the NYSHRL.

8

66. Defendant demonstrated malice, oppression, or fraud, or willful/wanton disregard for Plaintiff's rights.

67. As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

68. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

69. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII;

(b)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)    declaring the acts and practices complained of herein to be in violation of the NYSHRL;

(d)    enjoining and permanently restraining the violations alleged herein;

(e)    entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(f) awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h) awarding punitive damages to Plaintiff under Title VII;

(i) awarding Plaintiff such other damages as are appropriate under Title VII, the PHRA, and the NYSHRL;

(j) awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and,

(k) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: December 5, 2025        BY: _____
Caren N. Gurmankin (205900)
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
Kathleen Gonzales-Byrd

# Exhibit 1

| **CHARGE OF DISCRIMINATION** | AGENCY<br>☐ FEPA<br>☒ EEOC | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | |
| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission | | |

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Kathleen Gonzales-Byrd** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>redacted | |
|---|---|---|
| STREET ADDRESS<br>redacted | CITY, STATE AND ZIP<br>Downingtown, PA 19335 | DATE OF BIRTH<br>redacted |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**MedReview Inc.** | NUMBER OF EMPLOYEES, MEMBERS<br>> 15 | TELEPHONE *(Include Area Code)*<br>(212) 897-6108 |
|---|---|---|
| STREET ADDRESS<br>199 Water Street, 27th Floor | CITY, STATE AND ZIP<br>New York, NY 10038 | COUNTY<br>New York |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>☐ Race  ☐ Color  ☒ Sex  ☐ Religion  ☐ National Origin<br>☐ Retaliation  ☐ Age  ☐ Disability  ☐ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>Earliest          Latest  08/09/2024 |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondent on or about February 25, 2019. I was hired as Director, Account Management. In around mid-2021, I was promoted into the position of Chief of Staff. In around mid-2023, Respondent promoted me into the position of Chief Strategy Officer. I started reporting to Spencer Young (male) when I was hired. I reported to Young throughout my employment, including after he became Chief Executive Officer in around March 2021.

I consistently demonstrated positive performance and dedication to Respondent. By way of example only, I was promoted twice, and, although my responsibilities did not include sales, I obtained sales for Defendant that, to my information and belief, generated over $1 million in revenue for the company.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | |
| Date:          Charging Party *(Signature)*:<br><br>*Kathleen Gonzales-Byrd*<br>Kathleen Gonzales-Byrd (Sep 16, 2024 14:28 EDT) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day Month, and year)* |

**EEOC Charge of Discrimination**
**Initials of Charging Party –**

2. Harm Summary

I have been discriminated against because of my sex (female). Evidence of the sex discriminatory conduct to which I have been subjected includes, but is not limited to, the following.

(a) During my employment, I was either the only woman or one of only two women on the Executive Team.

(b) I have heard high-level male employees at Respondent engage in degrading and hostile conduct towards women including, but not limited to:

1. Young said that, when he had to deal with difficult people, he would just "grab 'em by the pussy";

2. When I said in an Executive Team meeting that, generally, leadership positions at companies were heavily skewed in favor of white men and that diversity programs that helped, among others, talent women, were valuable initiatives, Himanshu Shah (male), Chief Financial Officer, was dismissive of me and my comments about the same;

3. Shah ignored my requests for information that I needed to do my job and excluded me from a project on which I was working and for which I was responsible;

4. I was aware that at least one other female employee had complained about Shah's treatment of her;

5. Ted Pitynski (male), Chief Commercial Officer, asked my husband, who was with me at a work event, whether he "let" me buy an item that I had said that I had purchased and that we were discussing.

(c) Although Young promised me that I would be invited to attend board meetings, I was not invited to do so. I was aware that male colleagues on the Executive Team were invited to attend board meetings.

(d) To my knowledge, a male employee who was hired into the position of Vice President was given a raise in or around January 2024, just a few months after he started, that put him at a higher salary than me.

(e) The first time that I received a salary increase after I started working at Respondent was around the end of 2023 and only after I specifically requested the same. Respondent did not increase my compensation when I was promoted to Chief of Staff or Chief Strategy Officer.

(f) When I was promoted to Chief Strategy Officer in mid-2023, Young removed from me a portion of my responsibilities regarding data mining that I had developed and assigned the same to Kevin McDonald (male), Chief Operating Officer ("COO"). McDonald did not have my level of experience with data mining, including at Respondent.

(g) Before Respondent hired McDonald into the COO position in around May 2023, no one discussed the position with me, asked me if I was interested, or told me that I was being considered for the position.

(h) I was qualified for, and would have been interested in, the COO position into which McDonald was hired.

**EEOC Charge of Discrimination**
**Initials of Charging Party –**

    (i)    On or about August 9, 2024, Young told me that Respondent was doing a reorganization.

    (j)    Young told me that, as a result of the reorganization, my position as Chief Strategy Officer was no longer needed and that my employment was terminated effective immediately.

    (k)    Prior to my termination, I had not heard any discussion of a reorganization, realignment, or anything else that would result in the termination of employees or the elimination of positions.

    (l)    To my information and belief, at least two positions were opened around the time of my termination, Senior Director of Data Mining and Vice President, Operations.

    (m)    No one at Respondent talked to me about those positions or any other open position at the company that would allow me to remain employed.

B.    1.    Respondent's Stated Reasons

Respondent has failed to provide any legitimate, nondiscriminatory reason for discriminating against me on the basis of my sex, including terminating my employment and failing to place me into an open position.

D.    1.    Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. (NYSHRL"), as set forth herein.

# Exhibit 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## **DETERMINATION AND NOTICE OF RIGHTS**
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/08/2025

**To:** Kathleen Gonzales-Byrd
redacted
Downingtown, PA 19335
Charge No: 530-2024-09791

EEOC Representative and phone:

267-589-9707
Legal Unit Representative

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2024-09791.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
09/08/2025

Karen McDonough
Deputy Director